UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:18-cv-00797-RBL-TLF <br><br> REPORT AND RECOMMENDATION <br><br> **Noted: May 3, 2019** |

Kimberly H. has brought this matter for judicial review of the Commissioner's denial of her application for supplemental security income (SSI). This matter has been referred to the undersigned magistrate judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons below, the undersigned recommends that the Court reverse and remand the Commissioner's decision to deny benefits.

Plaintiff applied for SSI in April 2014. Dkt. 8, Administrative Record (AR) 15. She alleges she became disabled beginning January 1, 2000. *Id.* The Commissioner denied the application on initial administrative review and on reconsideration. *Id.*

REPORT AND RECOMMENDATION - 1

Following a hearing, an administrative law judge (ALJ) used the Commissioner's five-step sequential evaluation process to find that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled at step five of that process. AR 15-29. Plaintiff appeals that decision, seeking reversal and remand for further administrative proceedings.

## I. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

The ALJ is responsible for determining credibility, and for resolving any conflicts or ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). If more than one rational interpretation may be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Trevizo*, 871 F.3d at 674-75. Where the evidence is sufficient to support more than one outcome, the Court should uphold the ALJ's decision. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports, and evidence that does not support the ALJ's conclusion. *Id.* at 1009. The Court may not affirm the

REPORT AND RECOMMENDATION - 2

decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* at 1010.

## II. ISSUE FOR REVEW

Did the ALJ err in evaluating the medical evidence?

## III. DISCUSSION

Plaintiff makes only one argument for reversal: that the ALJ failed to offer adequate reasons for discounting the opinions of Holly Petaja, Ph.D. The Court should find that plaintiff is correct and this error requires remand.

An ALJ must give "clear and convincing" reasons supported by substantial evidence to reject a treating or examining physician's uncontradicted opinion. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even where contradicted, the ALJ may reject an examining physician's opinion only by providing "specific and legitimate" reasons that are supported by substantial evidence. *Id.* The same applies to the opinion of an examining psychologist. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 & n.7 (9th Cir. 1995) (opinions of "physicians" include those from psychologists and other "acceptable medical sources"[1])).

The ALJ can meet this requirement by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his or her interpretation thereof, and making findings. *Revels*, 874 F.3d at 654. The ALJ generally must weigh an examining physician's opinion more heavily than a non-examining (reviewing) physician's. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). The ALJ may reject a physician's opinion if it is "brief, conclusory, and inadequately supported" by objective medical findings or "the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

---

[1] "Acceptable medical sources" include licensed physicians and licensed or certified psychologists. 20 C.F.R. §§ 404.1502(a), 416.902(a); Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *1.

REPORT AND RECOMMENDATION - 3

1  The ALJ need not discuss every item of evidence presented, *Hiller v. Astrue*, 687 F.3d
2  1208, 1212 (9th Cir. 2012). But the ALJ "may not reject 'significant probative evidence' without
3  explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995).

4  Here, Dr. Petaja examined plaintiff twice and completed a psychological evaluation both
5  times. She conducted clinical interviews and mental status examinations. AR 592, 777. In the
6  2014 evaluation, she noted plaintiff's depression, mood instability, and hallucinations and
7  diagnosed plaintiff with bipolar disorder. AR 592. In the 2016 evaluation, she also found that
8  plaintiff has learning problems, and she diagnosed "Schizoaffective Disorder, Depressed Type"
9  and made a note to "[r]ule out Borderline Intellectual Functioning vs. Mild Intellectual Disability
10 vs. Specific Learning Disorder." AR 778.

11 In 2014, Dr. Petaja opined that plaintiff would be moderately limited in numerous basic
12 work activities, and markedly limited in her ability to communicate and perform effectively,
13 maintain appropriate behavior, and complete a normal work day and work week without
14 interruption from psychological symptoms. AR 593. In 2016, she opined that plaintiff was
15 markedly limited in several more areas, including performing within a schedule and maintaining
16 a schedule, learning new tasks, adapting to changes, and setting goals and working
17 independently. AR 779. She also opined that plaintiff was severely limited in understanding,
18 remembering, and persisting in tasks with detailed instructions. *Id.*

19 The ALJ did not address Dr. Petaja's 2016 opinion. *See* AR 25-27.

20 The ALJ gave "little weight" to Dr. Petaja's 2014 opinion. AR 26. She explained the
21 limitations Dr. Petaja found were "out of proportion to other evidence in the record"; that Dr.
22 Petaja "failed to provide foundation or explanation for her checked box responses"; and that
23 because Dr. Petaja did not review any records, she must have "relied on the claimant's

inconsistent subjective reports." *Id.* The ALJ then interpreted some of plaintiff's responses on the mental-status examination and drew different conclusions than Dr. Petaja—finding, for instance, that because plaintiff "has a limited education, . . . it is not unexpected that she would have some difficulty in counting backwards, spelling, and abstract thinking." *Id.* The ALJ noted certain findings elsewhere in the record that she found inconsistent with Dr. Petaja's opinion and consistent with plaintiff's activities. *Id.*

These were not specific, legitimate, and supported reasons to reject Dr. Petaja's opinion. *See Revels*, 874 F.3d at 654.

First, the ALJ failed to explain or cite any support for her finding that Dr. Petaja's opinion was "out of proportion to other evidence." AR 26. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014).

Second, the record does not support the ALJ's findings that Dr. Petaja failed to explain her opinions and relied on plaintiff's subjective reports. In fact, Dr. Petaja explained her opinions: She described plaintiff's responses in a clinical interview, which included indicators of mental-health impairments; she made clinical findings regarding plaintiff's symptoms; she evaluated plaintiff using the Global Assessment of Functioning (GAF); and she provided narrative observations in a mental-status exam. AR 591-95.

An ALJ may not reject a medical source on the basis that the medical professional's opinion depends on the claimant's self-reports, when the medical source analyzes those self-reports using objective measures. In *Buck v. Berryhill*, the court held that the ALJ erred by discounting the examining physician's opinion on the basis that the "opinion was based in part

on [the claimant's] self-report," because the examining doctor "also conducted a clinical interview and a mental status evaluation." 869 F.3d 1040, 1049 (9th Cir. 2017). The court held that the interview and mental status evaluation were "objective measures and cannot be discounted as a 'self-report.'" *Id.*

The court in *Buck* noted that, although a psychiatrist or psychologist's report may appear to be subjective and based largely on the self-reports of a patient, partial reliance on self-reported symptoms is an expected part of the practice of psychology or psychiatry. 869 F.3d at 1049. Accordingly, the ALJ's reasoning—discounting Dr. Petaja's opinion as based on plaintiff's self-reports—was error, because Dr. Petaja evaluated those self-reports through the objective lens of her profession.

Third, although an ALJ may discount a medical opinion that is unsupported by the doctor's clinical findings, *Batson*, 359 F.3d at 1195, the ALJ here was not qualified to reinterpret the mental-status examination results as the product of the claimant's "limited education" rather than (as Dr. Petaja concluded) mental health impairments. It is crucial that ALJs "be careful not to succumb to the temptation to play doctor." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990); *see also Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996) ("With few exceptions, . . . an ALJ, as a layperson, is not qualified to interpret raw data in a medical record.").

Even if the ALJ had identified adequate reasons for rejecting Dr. Petaja's 2014 opinion, failing to discuss Dr. Petaja's 2016 opinion was harmful error. Because an examining psychologist's opinion as to a claimant's limitations is "significant probative evidence," the ALJ erred in rejecting Dr. Petaja's opinion without explanation. *See Flores*, 49 F.3d at 570-71.

The Commissioner contends that the ALJ's failure to discuss Dr. Petaja's 2016 opinion

1  was harmless error because the ALJ's valid reasons for rejecting Dr. Petaja's 2014 opinion—
2  including Dr. Petaja's reliance on plaintiff's subjective reports and inconsistency with plaintiff's
3  activities—apply equally to Dr. Petaja's 2016 opinion.

4  As discussed above, the ALJ's reasons for rejecting the 2014 opinion were not valid.
5  And, those reasons would not apply equally to the 2016 opinion: The 2016 opinion was based on
6  both a review of the 2014 evaluation and a second interview and mental-status examination. AR
7  777-81. Dr. Petaja found different and greater limitations than she did in 2014. *Id.*; *see* AR 593.
8  The ALJ's failure to address that opinion would thus potentially undermine the ultimate
9  disability determination. *See Batson*, 359 F.3d at 1197 (applying harmless error standard).

10  Because the ALJ failed to give specific and legitimate reasons to discount Dr. Petaja's
11  2014 opinion, failed to consider her 2016 opinion, and consequently failed to include certain
12  limitations in plaintiff's RFC, remand is required for the ALJ to reevaluate the entire medical
13  record and reassess plaintiff's RFC.

IV. CONCLUSION

For the above reasons, the ALJ improperly determined plaintiff to be not disabled. The Court should therefore REVERSE and REMAND for further administrative proceedings the Commissioner's decision to deny benefits.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **May 3, 2019**, as noted in the caption.

Dated this 16th day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8